IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MEL M. MARIN**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     2:11cv884 |
| | )     **Electronic Filing** |
| **ROBERTA BIROS, THE MERCER** | ) |
| **COUNTY CONSERVATIVES**, **DAVID** | ) |
| **BIROS**, **BUTLER TOWNSHIP** | ) |
| **POLICE, OFFICER MURPHY,** | ) |
| **OFFICER NEDLY, OFFICER** | ) |
| **VENTZEL, SHARPSVILLE BORO** | ) |
| **POLICE, MERCER COUNTY** | ) |
| **SHERIFF,** Jointly and Severly, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF COURT

Mel M. Marin ("plaintiff") filed a complaint in this Court on July 6, 2011, seeking redress under purported causes of action for defamation, false light, interference with business, intentional infliction of emotional distress, section 1983 civil rights for violation of Article 4 of the Constitution, and injunctive relief. *See* Complaint (Doc. No. 1-2).[1] Plaintiff filed the action

---

[1] Plaintiff, also known as Melvin M. Marinkovic, is a serial *pro se* filer who has filed vexatious litigation in this court in *Mel Marin v. The Erie Times, et al.*, 1:11cv102 (Doc. No. 18), *aff'd*, 525 F. App'x 74 (3d Cir. 2013); *In re: Joseph Fragile, et al.*, 2:11cv788 (Doc. No. 8); *In re: Joseph Fragile, et al.*, 2:11cv789 (Doc. No. 7), *Mel Marin v. Tom Leslie, et al.*, 2:09cv1453 (Doc. No.s 57 & 58) and *Melvin M. Marinkovic v. Mayor Joseph Sinnott, et al.*, 1:12cv139 (Doc. No. 21).. He also has filed over 70 proceedings in other jurisdictions and been placed on the "Vexatious Litigant List" by the State of California in connection with a filing in the San Diego Superior Court at No. 720715. *See* Transmittal Statement of the Bankruptcy Court to Accompany Notice of Appeal (Doc. No. 1-14) in *In re: Joseph Fragile, et al.*, 2:11cv789 (W.D. Pa. June 15, 2011) at 6 n.3. Plaintiff "was once a law clerk in the federal court and a 9th Circuit extern." Verified First Amended Complaint in *Melvin M. Marinkovic v. Mayor Joseph Sinnott, et al.*, 1:12cv139 (Doc. No. 3) at ¶ 112. Plaintiff also has pursued an action challenging the need for him to submit his social security number in order to receive a profession license as an Emergency Medical Technician which the court found to be without merit at summary judgment. *See* Opinion of April 11, 2014 in *Mel Marin v. William McClincy and Melissa Thompson*, 1:11cv132 (Doc. No. 81 in 1:11cv132).

while he was "a candidate for Congress in the Western District of Pennsylvania." Complaint (Doc. No. 1-2) at ¶1. Plaintiff had registered as a candidate in the primary election for the 3rd Congressional District in order to challenge Representative Kathy Dahlkemper for the democratic nomination. *Id.*; *see also* Memorandum Order of August 30, 2012, in *Marin v. The Erie Times, et al.*, 1:11cv102 (Doc. No. 18 in 1:11cv102) at 4, *aff'd*, 525 F. App'x 74 (3d Cir. 2013). Plaintiff contends generally that Biros and her husband, as private citizens, published an article on the internet that was critical of plaintiff's qualifications for public office and suggested in a false light that he had committed a serious crime. These defendants then failed to correct the misinformation after having an opportunity to do so. *Id.* at ¶¶ 8-11. The remaining defendants either assisted these defendants or failed to take appropriate steps to correct the misinformation that was disseminated about defendant during his candidacy.

In *Marin v. Mayor Joseph Sinnot, et. al*, 1:12cv139, this court determined that plaintiff had an obligation to employ reasonable efforts to effectuate service before a request is made to

---

Plaintiff also uses different addresses in different states to maintain his pending cases. He frequently claims not to have received mail at the address he maintains in the court's docket and seeks to reset his own deadlines for compliance with any particular pretrial deadline. A review of his filings in the related dockets reflects the use of such tactics. *See e.g.* Motion for Service (Doc. No. 13 in 1:12cv139); Motion for an Order to Allow Filing of Opposition to Motion to Dismiss Out-of-Time (Doc. No. 17 in 1:12cv139); Notice of and Motion for Leave to Allow Responses to Order of April 11, 2013 Out-of-Time and Request for Clerk to Send Case Management Order and Declaration in Support (Doc. No. 51 in 2:09cv1453) at 1; Notice of and Motion to Supplement Motion for Late Response to Order of April 11, 2013 Out-of-Time and Request for Clerk to Send 2011 Case Management Order (Doc. No. 55 in 2:09cv1453) at 1; Plaintiff's Notice of and Motion for Leave to File a Pre-Trail Statement Out-of-Time (Doc. No. 31 in 2:06cv690) at 1; Plaintiff's Notice of Change of Address and Motion for Remailing (Doc. No. 52 in 1:11-cv-132); Motion for Leave to File Opposition to Summary Judgment Out of Time (Doc. No. 64 in 1:11-cv-132 at 5-6); Motion for Leave to File Third Amended Complaint Out of Time (Doc. No. 65 in 1:11-cv-132 at 1). The docket verifies that in accordance with the Local Rules all orders and opinions are mailed to plaintiff at the mailing address he has provided for the particular case (which includes a change of address upon proper notification to the Clerk).

the Marshal Service to effectuate service of the complaint. *See* Opinion of March 26, 2014 (Doc. No. 21 in 1:12cv139) at 9; *see also* Local Rule 10(B) (all pro se filers assume responsibilities inherent to litigation, including responsibility for service of a complaint). Here, plaintiff has failed to make timely service of his complaint and no extension for addition time under Rule 4(m) has been requested. In addition, plaintiff has failed to keep his address current. Every address provided by plaintiff in his more recent spate of filings, including the one provided for this litigation, is out-of-date and mail sent to plaintiff at his address of record consistently has been returned to the court by the United States Postal Service with a label indicating the address is no longer valid and a forwarding address is not available. *See e.g.* Docket sheet and staff notes in *Mel Marin v. William McClincy and Melissa Thompson*, 1:11cv132; *Melvin M. Marinkovic v. Mayor Joseph Sinnott, et al.*, 1:12cv139 and *Mel Marin v. Tom Leslie, et al.*, 2:09cv1453 (each case listing the address provided by plaintiff in this action and containing staff notes reflecting the return of all opinions and orders sent to plaintiff at the provided Catonville, MD, address). Given this state of affairs, the court can neither direct plaintiff to attempt to effectuate service of his complaint nor direct plaintiff to submit proof of attempted service and thereafter provide United States Marshal Service 285 forms so that the Marshal Service may attempt to effectuate service. The matter is only further complicated and the prejudice to defendants compounded by the passage of 36 months since plaintiff commenced this action.

      A court's decision to dismiss for failure to prosecute is committed to the exercise of its sound discretion. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City School Dist.*, 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in *Poulis v. State Farm Fire and Casualty*

*Co.*, 747 F.2d 868 (3d Cir. 1984), to determine whether the sanction of dismissal is warranted. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In *Poulis*, the United States Court of Appeals for the Third Circuit identified the following six factors to be considered in determining whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted). These factors must be balanced, although not all need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988).

Consideration of these factors weighs in favor of dismissal. Under this court's local rules and established *pro se* practices and procedures plaintiff personally is responsible for supplying the court with an address that will foster direct and timely communication with the court. He has failed to do so. Further, he has failed to file any motion or provide any form of communication in an effort to keep the case from getting stale.

Defendants have been prejudiced by plaintiff's failure to attempt service of the complaint and in the event he did not make service thereafter provide 285 forms so that the Marshal Service could effectuate timely service. More than three years have passed since the events in question and defendants have not even been made aware of the existence of plaintiff's potential claims against them.

As noted above, plaintiff has a history of filing frivolous lawsuits for vexation purposes. A mere review of plaintiff's complaint strongly suggests that the instant action is more of the same.

Furthermore, there does not appear to be a more sensible or better suited sanction. A lesser sanction would effectively be no sanction.

Each of the pertinent *Poulis* factors weighs in favor of dismissal. Consequently, the following order is appropriate.

### ORDER OF COURT

AND NOW, this 10th day of June, 2014, for the reasons set forth above, IT IS ORDERED that this action be, and the same hereby is, dismissed.

s/David Stewart Cercone  
David Stewart Cercone  
United States District Judge

cc:    Mel M. Marin  
       1001 Frederick Rd.  
       Catonsville, MD 21228

       (*Via CM/ECF Electronic Mail*)